HENRY FLETCHER

*vs.*

THE UNITED STATES

AT LAW. DECIDED JUNE 4, 1844.

*In Error to the Criminal Court.*

| | |
|---|---|
| A prior conviction and *nolle prose-qui* upon a sufficient indictment at common law, though insufficient under the statute, is a bar | to a subsequent prosecution on a new indictment sufficient under the statute, for the same offence. |

The prisoner was indicted for an assault and battery by shooting a pistol with intent to kill Elizabeth Fletcher, and was convicted.

WALTER LENOX and JAMES M. CARLISLE for the prisoner.

PHILIP R. FENDALL for the United States.

On the trial of this cause the prisoner offered the record of a former trial and verdict of guilty and of an entry of a *nolle prosequi* in the case in the rendition of said verdict. No judgment having at any time been pronounced by the court on said verdict, as appears by the record of said trial and verdict of guilty and *nolle prosequi,* made a part hereof.

The prisoner proved by Elizabeth Fletcher, a competent witness in the cause, that the prisoner was the same person tried and found guilty by the jury in the case, of which the said record is made part, and that the said prisoner is a free negro, and that the facts of this case, and of the case of trial and verdict of guilty offered in evidence are the same, and so admitted by the district attorney, and the witness is the same. Whereupon, the prisoner, by his counsel, having pleaded "*autrefois convict,*" asked the court to instruct the jury that the prisoner under his said plea and the said record is entitled to an acquittal ; which instruction the court refused to give. To which refusal the prisoner excepted.

The former indictment is as follows :

"The jurors of the United States for the county aforesaid, upon their oaths present, that Henry Fletcher, late of the county aforesaid, free negro, on December 19, 1842, with

force and arms, at the county aforesaid, in and upon one Elizabeth Fletcher, in the peace of God and the said United States then and there being, unlawfully did make an assault by shooting and discharging at the said Elizabeth Fletcher a pistol loaded and charged with gunpowder and thirty-one leaden shot, and her the said Elizabeth Fletcher then and there did beat and wound and illtreat, with intent her the said Elizabeth Fletcher then and there to kill, and other wrongs and injuries to the said Elizabeth Fletcher then and there did to the great damage of the said Elizabeth Fletcher, and against the peace and government of the United States.

"2d count. And the jurors aforesaid do further present, that the said Henry Fletcher, late of the county aforesaid, free negro, on the 19th day of December, 1842, with force and arms, at the county aforesaid, in and upon the said Elizabeth Fletcher, in the peace of God and the said United States then and there being, unlawfully did make an assault, and her the said Elizabeth Fletcher then and there did beat, wound and illtreat, with intent her, the said Elizabeth Fletcher, then and there to kill, and other wrongs and injuries to the said Elizabeth Fletcher then and there did, to the great damage of the said Elizabeth Fletcher, and against the peace and government of the United States."

On which indictment the jury brought in a verdict of guilty.

The words '*contra formam statut*' being accidentally omitted in the indictment, the prisoner's counsel affirmed him ready to receive the judgment at common law (fine and imprisonment), but objected to his being sentenced to the penitentiary under the statute. This objection was admitted; and the district attorney entered a *nolle prosequi*.

The cause coming on be heard on the transcript of the record of the Criminal Court and on the bill of exceptions therein set forth, and the questions of law thereon arising having been argued by counsel, and considered by the court, it was decided that the Criminal Court erred in refusing to

give the instructions prayed, for, as appears by the bill of exceptions, the prior conviction and *nolle prosequi* are a good and sufficient bar to this prosecution, the former conviction being upon a sufficient indictment at common law, though insufficient under the statute ; and the cause was remanded, with directions to arrest the judgment thereon, and discharge the prisoner.